J. M. LEE, as Comptroller, v. FRANK WILLIS, doing business under the name of WEST FLORIDA SALES Co.

169 So. 215.
Division B.
Opinion Filed June 8, 1936.
Rehearing Denied July 10, 1936.

*Cary D. Landis,* Attorney General, and *H. E. Carter* and *J. V. Keen,* Assistant Attorney General, for Appellant;

*H. H. Wells, B. K. Roberts,* and *William K. Whitfield,* all of Tallahassee, for Appellee.

PER CURIAM.—The appeal brings for review an interlocutory order granting temporary injunction restraining J. M. Lee as Comptroller of the State of Florida from collecting from the complainant the occupation license tax imposed upon "operators" of automatic slot machines in the sum of $30.00 to the State, $15.00 to the county, if the machine is operated in a municipality, and $30.00 to the county if the machine is operated outside of a municipality, and $15.00 to the municipality if the machine be operated in a municipality, under the provisions of Chapter 17,257, Acts of 1935.

It is the contention of the complainant in the court below, appellee here, that prior to the filing of the opinion and judgment in this court in the case of State of Florida, *ex rel.* Cleve Baker, v. Wm. J. McCarthy, on February 1, 1936, the complainant, complying with the Administrative construction placed upon the Act by the Comptroller had paid the occupational license tax of $150.00 to the State and $75.00 to the County and $75.00 to each incorporated City or town in which he was doing business as an *operator* under the provisions of Section 5 of Chapter 17,257, *supra,*

and that he had paid for the *location operator* the occupation license tax of $30.00 to the State, $15.00 to the County and $15.00 to each municipality for each machine, as required by that Act, and that inasmuch as the license had been issued to him he operated certain slot machines under an administrative construction of the Act to the effect that the amount which he had paid was all that he would be required to pay, he should not now be required to pay the additional tax as hereinabove set forth as an "operator" for the current year.

This Act was construed in the case of State, *ex rel.* Cleve Baker, v. Wm. J. McCarthy, opinion filed February 1, 1936, reported 166 Sou. 280. The record shows that the complainant in the court below has not paid or purported to pay the occupation license tax required to be paid upon each machine by the "operator" as above referred to. This is not a case where it has been construed that the amount required to be paid for a license tax was less than the amount which was actually required by law to be paid. But it is a case in which the administrative officer charged with the administration of the taxing law has construed that only one party interested in the operation of a slot machine was required to pay the occupation license tax on such machine and that that party so required to pay such tax was the *location operator,* while it was adjudicated on a test case brought in the courts of the State for that purpose that a like tax as that required of the "location operator" is also required to be paid by the *"operator."*

It is, therefore, the duty of the Comptroller to collect like amounts as occupation license tax for the operation of each slot machine from the "operator" and from the "location operator."

The decree appealed from is reversed and the cause re-

manded, with directions that the bill of complaint be dismissed.

ELLIS, P. J., and TERRELL, and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.